RECEIVED
MAR 1 6 2017
AT 8:30 M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD D KEEFE,<br><br>          Plaintiff,<br><br>v.<br><br>GENERAL MOTORS CORP.,<br><br>          Defendant. | Civ. No. 17-00749<br><br>**OPINION** |

THOMPSON, U.S.D.J.

    This matter comes before the Court on the application filed by *pro se* plaintiff Ronald Keefe ("Plaintiff") to proceed *in forma pauperis* without prepayment of fees, pursuant to 28 U.S.C. § 1915. (ECF No. 1). Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 U.S.C. § 1915 and will direct that the Complaint be filed. However, for the reasons set forth below, the Complaint will be dismissed without prejudice.

    In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the Plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, litigants who wish to proceed *in forma pauperis* must file an application to do so which includes an affidavit of indigence that states the individual's total income, all assets, and inability to pay filing fees. *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974 at *7 (D.N.J. Jan. 30, 2007). In this case, it appears that Plaintiff has no assets other than a 2000 Nissan Maxima and $850.00 in a bank account. Plaintiff also receives $1,409.00 in benefits each month. However, Plaintiff's monthly expenses are essentially equal to or exceed this income.

1

As a result, the Court is persuaded that Plaintiff has satisfied the first step, and he is eligible to proceed *in forma pauperis*.

Second, the Court must determine whether the Complaint should be dismissed. Because Plaintiff proceeds *pro se*, the Court construes the pleadings liberally and holds them to a less than stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520. However, a Complaint may be subject to *sua sponte* dismissal if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or it seeks money damages from defendants who are immune from such relief. *See Roman*, 904 F.2d at 194 n.1; 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citations omitted).

The Court has reviewed Plaintiff's Complaint, and is not persuaded that Plaintiff has set forth a plausible claim for relief. In reviewing the documents attached to the Complaint, it appears that Plaintiff alleges that Defendant, General Motors Corp., breached a contract by failing to provide Plaintiff with Total and Permanent Disability ("TPD") Benefits. In his Complaint, Plaintiff vaguely claims that he was "denied contract agreement between General Motors Corp. and United Auto Workers," that "General Motors is in breach of contract," and that Plaintiff seeks "To have G.M. Oner [*sic*] the Contract." However, Plaintiff's Complaint does not specify what contract General Motors has breached or exactly how it breached the contract. Therefore, the Court cannot determine that Plaintiff has a plausible claim against Defendant.

Additionally, it appears that Plaintiff's breach of contract claim against Defendant may have previously been litigated. In a separate case, Plaintiff brought a breach of contract claim

2

against Defendant, alleging that Defendant breached a collective bargaining agreement with United Auto Workers Unions ("UAW") by failing to provide him with TPD benefits. (*See Ronald D. Keefe v. General Motors LLC*, Civ. No. 15-6807, ECF Nos. 14, 15). This Court granted Defendant's motion to dismiss Plaintiff's state law breach of contract claim based on the same set of facts. The Court explained that: (1) Plaintiff's breach of contract claim was preempted by the Employee Retirement Income Security Act ("ERISA"); and (2) Plaintiff failed to demonstrate that his claim was timely brought within the relevant statute of limitations period. (*Id.*). To the extent that Plaintiff is currently pursuing a similar claim, Plaintiff fails to explain why either potential defect would not also bar his claim in this case.

For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee but will simultaneously order it to be dismissed without prejudice. Plaintiff will be granted leave to file an amended complaint. An appropriate order will follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: 3-16-17

3